**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

|  |  |  |
|---|---|---|
| FRANK ROY, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 13-5138 (RMB/KMW) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| HOMESITE INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

---

|  |  |  |
|---|---|---|
| FRANK ROY, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 13-5143 (RMB/KMW) |
| | : | |
| v. | : | |
| | : | |
| TRAVELERS INSURANCE, | : | |
| | : | |
| Defendant. | : | |

---

**BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff Frank Roy (the "Plaintiff") initiated two civil actions against two insurance companies: Homesite Insurance Co., [Civil Action No. 13-5138 - Docket No. 1] and Travelers Insurance [Civil Action No. 13-5143 - Docket No. 1], both on August 27, 2013. After screening both Complaints as required by 28 U.S.C. § 1915(e)(2), the Court directed Plaintiff to file Amended Complaints in both matters that cured certain deficiencies under Federal Rule of Civil Procedure 8(a). [13-

5138 & 13-5143 - Dockets No. 2]. Although Plaintiff filed
Amended Complaints in both matters on September 18, 2013, those
Amended Complaints were deemed insufficient and this Court
Ordered that Plaintiff file Second Amended Complaints in both
matters. [13-5138 & 13-5143 - Dockets No. 4]. Plaintiff filed
Second Amended Complaints in both of the above-captioned matters
on October 17, 2013. [13-5138 & 13-5143 - Dockets No. 7].

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must
preliminarily screen in forma pauperis filings, and must dismiss
any filing that is frivolous or malicious, fails to state a
claim upon which relief can be granted, or seeks monetary relief
from a defendant who is immune from such relief. Moreover,
Federal Rule of Civil Procedure 8(a) requires that a complaint
contain:

> (1) [A] short and plain statement of the grounds for
> the court's jurisdiction, unless the court already has
> jurisdiction and the claim needs no new jurisdictional
> support;
>
> (2) [A] short and plain statement of the claim showing
> that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may
> include relief in the alternative or different types
> of relief.

"[A] complaint must do more than allege the plaintiff's
entitlement to relief. A complaint has to 'show' such an
entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d

203, 311 (3d Cir. 2009).

With respect to Plaintiff's Second Amended Complaint against Defendant Homesite Insurance, No. 13-5138, Plaintiff is, again, asserting what appears to be a breach of contract claim brought before this Court on the basis diversity of citizenship pursuant to 28 U.S.C. § 1332. Pursuant to § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically. See S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006)(holding that citizenship is to be alleged "affirmatively and distinctly"). The Court notes that for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and the matter in controversy must exceed "the sum or value of $75,000. . . ." § 1332(a). Moreover, while courts "generally accept a party's good faith allegation of the amount in controversy," "where . . . the court challenges the . . . allegations regarding the amount in question, the [party] who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)(citation omitted). In his Second Amended Complaint,

Plaintiff properly alleges the citizenship of the Defendant, Homesite and alleges losses of $75,000 in "furniture and personal belongings." [13-5138, Second Compl. at ¶7]. Thus, his allegations currently suffice to demonstrate diversity of citizenship.[1]

The same reasoning applies with respect to Plaintiff's Second Amended Complaint against Travelers Insurance, No. 13-5143. Pursuant to the Second Amended Complaint, Plaintiff now properly alleges diversity of citizenship and an amount in controversy in excess of $75,000 based on a loss of personal belongings left in a cab worth $20,000 and a loss due to burglary of $65,000. [13-5143, Second Compl. at ¶¶ 5 & 9].

In both matters, Plaintiff has now properly alleged the citizenship of the parties and the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332. He has also stated allegations that suffice for purposes of Federal Rule of Civil Procedure 8(a).

ACCORDINGLY, IT IS HEREBY on this **28th** day of **October 2013**,

---

[1] The Court notes, however, that this case may not survive a motion to dismiss depending on the applicable statute of limitations as Plaintiff is alleging a loss that occurred almost nine years ago. Because this Court is not certain which state's law will apply to the interpretation of the contract, it cannot make that determination here.

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk of the Court shall issue summonses for service of the Second Amended Complaints upon the Defendants in both of the above-captioned matters; and it is

**FURTHER ORDERED** that the United States Marshal shall serve a copy of the Second Amended Complaints, summonses, and this Order, upon the Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge